## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

CECIL JOHNSON, JR.,

      Plaintiff,

v.                                    Case No. 2:18-cv-00728

ADMINISTRATOR,
Southwestern Regional Jail,

      Defendant.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United

States District Judge, and it is referred to the undersigned United States Magistrate Judge

for submission of proposed findings and a recommendation for disposition, pursuant to

28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each

case in which a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who

is immune from such relief. 28 U.S.C. § 1915A. Pro se complaints, such as this, are held

to less stringent standards than those drafted by attorneys, and the court is obliged to

construe liberally such complaints.

However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the

Supreme Court observed that a case should be dismissed for failure to state a claim upon

which relief can be granted if, viewing the well-pleaded factual allegations in the

complaint as true and in the light most favorable to the plaintiff, the complaint does not

contain "enough facts to state a claim to relief that is plausible on its face." While the

complaint need not assert "detailed factual allegations," it must contain "more than labels

and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at

555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements, do
> not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the
> purposes of a motion to dismiss we must take all of the factual allegations
> in the complaint as true, we "are not bound to accept as true a legal
> conclusion couched as a factual allegation" (internal quotation marks
> omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions. Second, only a complaint that
> states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to
> dismiss can choose to begin by identifying pleadings that, because they are
> no more than conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a complaint, they
> must be supported by factual allegations. When there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

The Complaint herein names, as the sole defendant, the Administrator (whom he

fails to identify by name) of the Southwestern Regional Jail ("SWRJ"), a facility operated

by the West Virginia Division of Corrections and Rehabilitation (formerly the West

Virginia Regional Jail and Correctional Facility Authority), which is a state agency. The Complaint alleges that, on March 27, 2018, Plaintiff was seen by a nurse in the medical department for a complaint about a bug bite on his left arm. (ECF No. 1 at 4). Upon determining that the bite mark contained pus, the nurse took a culture and sent it to the lab for analysis. (*Id.*) Plaintiff was subsequently seen by a doctor who had him sent to an outside hospital emergency room for evaluation and treatment. (*Id.*) The Complaint states that the bite was determined to be from an insect or spider, but fails to offer any other facts concerning his alleged injury or treatment. (*Id.* at 5). However, his cover letter that accompanied the Complaint states that he spent five days in the hospital and was treated with intravenous antibiotics. (ECF No. 1-1).

Plaintiff seeks "compensation" for "pain and suffering" for the "gross negligence of this institution to still allow spiders and other insects that bite people to reside here." (*Id.*) He further claims that "they should have contacted some company to spray the insect infestation to get rid of them." (*Id.*) He also makes a request for appointment of counsel to represent him, which was not docketed as a separate motion. (ECF No. 1 at 6; ECF No. 1-1 at 1).

### A.    Plaintiff's Complaint fails to state a plausible claim for relief.

Plaintiff's Complaint fails to state a plausible claim for relief for several reasons. First, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a state, and its agencies and officials, which may be paid from public funds in the state treasury. *Quern*

*v. Jordan*, 440 U.S. 332, 337 (1979).  Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

Moreover, a state employee sued in his official capacity is not a "person" under section 1983.  Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every <u>person</u>, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983 (emphasis added).  To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis added).  In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983.  Thus, the undersigned proposes that the presiding District Judge **FIND** that the Administrator of the SWRJ, in that official capacity, is not a person who can be sued under § 1983 and is further entitled to immunity under the Eleventh Amendment on Plaintiff's claim for money damages.

Moreover, Plaintiff's allegations do not contain any facts concerning actual conduct by the Administrator of the SWRJ that could give rise to a federal constitutional

claim.  Rather, Plaintiff simply appears to hold the Administrator vicariously liable for the fact that he suffered a spider or insect bite that may have become infected.  The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).; accord *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015).    To prevail on such a claim, a plaintiff must satisfy a two-pronged test.  *Id.*

First, the plaintiff must demonstrate that the deprivation he has suffered is "sufficiently serious."  *Id.* at 834; *see also Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) ("[A] prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions." (quoting *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003))).  Second, the plaintiff must prove that the defendant prison official had a "sufficiently culpable state of mind;" that is, that he acted with "deliberate indifference."  *Id.*  "Deliberate indifference" requires "'more than mere negligence,' but 'less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result.'" *Makdessi*, 789 F.3d at 133 (quoting *Farmer*, 511 U.S. at 835). This is a subjective standard requiring that a prison official "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and ... also draw the inference." *Farmer*, 511 U.S. at 837; *accord Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016).

Even assuming that his insect or spider bite was "sufficiently serious," Plaintiff's allegations fail to satisfy the subjective standard.  At best, his allegation that "they" should have "brought in a company to spray for an insect infestation" amounts to no more than simple negligence, which is insufficient to rise to the level of an actionable federal constitutional claim and is not actionable in this federal court.  *See, e.g., Dowdy v. Shelby*

*Cnty. Sheriff's Office*, No. 2:18-cv-02310, 2019 WL 3948110, *3 (W.D. Tenn. Aug. 21, 2019) (dismissing, under 28 U.S.C § 1915A, a prisoner's claim concerning a spider bite suffered while in custody for failure to state a deliberate indifference claim actionable under § 1983). Similar to *Dowdy*, Plaintiff fails to allege any facts to support the subjective component of a deliberate indifference claim under the Eighth Amendment against the jail's Administrator. Furthermore, the Complaint contains no allegations suggesting that anyone was deliberately indifferent to Plaintiff's medical needs. According to the Complaint, once the bite was observed by medical personnel, Plaintiff was sent for outside treatment, and he alleges no involvement by the Administrator of the SWRJ in that process.

Thus, the undersigned further proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a plausible claim upon which relief can be granted against the Administrator of the SWRJ in this federal court. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

### B.    Plaintiff is not entitled to appointment of counsel.

The appointment of counsel to represent pro se plaintiffs in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel." Plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984)

(abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id.* at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978). The undersigned has recommended that the presiding District Judge dismiss this civil action because the plaintiff has failed to state a colorable claim for relief. Thus, there are no exceptional circumstances that would warrant the court to seek counsel to represent Plaintiff in this matter and his requests for the same should be denied.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

March 29, 2021

Dwane L. Tinsley
United States Magistrate Judge

8